**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2462-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ADAM J. PETRUZZIELLO,

    Defendant-Appellant.

_____

Submitted March 7, 2017 — Decided  June 27, 2017

Before Judges Espinosa and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 15-035.

Levow DWI Law, P.C., attorneys for appellant (Evan M. Levow, of counsel and on the brief).

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Erin Smith Wisloff, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

    Adam J. Petruzziello (defendant) appeals a December 21, 2015 order, which denied his request to dismiss a driving while

intoxicated conviction on speedy trial grounds. We reverse the conviction.

In September 2013, defendant sustained significant injuries when the motorcycle he was operating struck a parked truck. He was charged with driving while intoxicated, N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; careless driving, N.J.S.A. 39:4-97; failure to maintain a lane, N.J.S.A. 39:4-88; and speeding, N.J.S.A. 39:4-98.

The case was transferred to the Morris County Prosecutor's Office (the prosecutor's office) in early October 2013, within weeks of the accident, for investigation and possible presentment to the Grand Jury. The record provides no information about the course of that investigation, but no additional charges were brought against defendant.

In September 2014, a Superior Court judge remanded jurisdiction of the case to the Rockaway Township Municipal Court. It is unexplained why the remand was not recorded until November 2014. Defendant's first appearance on the September 2013 charges was in January 2015, when he pled not guilty. The parties were in court on discovery issues in April and June. Defendant did not raise the speedy trial violation claim until June 4, 2015. The motion was denied on July 22, 2015, and defendant pled guilty to

driving while under the influence, conditioned on the outcome of the appeal. The other charges were dismissed.

Defendant appealed this conviction, which was heard de novo in the trial court. On December 21, 2015, the trial court rejected defendant's claimed speedy trial violation, and sentenced him to a ninety-day suspension of his driver's license, fines, court costs, penalties and a surcharge, which was the same sentence imposed by the municipal court judge.[1]

The Superior Court found defendant's injuries did not cause delay in the case. The twenty-two month delay was attributable "at least in the first instance to a review by the Morris County Prosecutor's Office," for investigation. The trial court did not know whether the "delay [was] caused simply by the bureaucratic miasma in the prosecutor's office or some further detailed investigation." Nevertheless, the trial court found there was "no indication" the delay was due to inattention by the prosecutor. Further, there was "no evidence of a deliberate attempt by the State to gain an advantage over the defendant by reason of the delay." The trial court stated the State was prejudiced by delay because it had to prove its case through "observation" and not through blood alcohol results.

---

[1] We understand defendant has served the suspension. The record does not provide whether the monetary amounts were paid.

The trial court found defendant did not assert his right to a speedy trial until June 4, 2015, which was "a significant factor in weighing the delay in this case, and its impact on the defendant."  It also found defendant "may have suffered some anxiety" while the charges were pending, but there was no evidence of "employment interruptions," "public ridicule or scorn or negative status" because of these charges, nor "indication of actual prejudice."  The trial court did not find the delay oppressive or that defendant's "speedy trial rights under the Sixth Amendment were significantly impacted."

Defendant's appeal raises these issues:

> POINT I: SINCE APPELLANT WAS THE ONLY ONE INJURED IN THE ACCIDENT, AND NO CRIMINAL CHARGES WERE FILED, THERE WAS NO VALID REASON TO HAVE TRANSFERRED THIS CASE TO THE COUNTY PROSECUTOR, OR FOR IT TO HAVE LANGUISHED THERE FOR ALMOST A YEAR, BEFORE BEING SENT BACK TO THE MUNICIPAL COURT AND RESOLVED 677 DAYS AFTER APPELLANT'S ARREST, THIS CASE MUST BE DISMISSED.

> POINT II: THE LAW DIVISION'S RELIANCE ON STATE V. ALEXANDER,[2] WHICH INVOLVES PRE-ARREST AND PRE-INDICTMENT DELAY, IS MISPLACED:  STATE V. CAHILL[3] IS CONTROLLING AND REQUIRES DISMISSAL OF THIS MATTER.

---

[2] Reference is to State v. Alexander, 310 N.J. Super. 348 (App. Div. 1998).

[3] Reference is to State v. Cahill, 213 N.J. 253 (2013).

A-2462-15T1

Defendant has a constitutional right to a speedy trial. U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10. That right applies "to quasi-criminal matters pending in the municipal courts," such as driving while intoxicated cases. State v. Cahill, supra, 213 N.J. at 267. When evaluating whether defendant's constitutional right to a speedy trial has been violated, four factors must be reviewed and balanced, including: (1) length of delay, (2) reasons for delay, (3) the defendant's assertion of a speedy trial claim, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101, 117 (1972). The Court adopted these factors in Cahill, supra, 213 N.J. at 266.

The Sixth Amendment right to a speedy trial is different from the timeframe under the Due Process Clause for "initiating a criminal prosecution after discovering an offense has been committed." State v. Aguirre, 287 N.J. Super. 128, 131-32 (App. Div.) (citing United States v. Lovasco, 431 U.S. 783, 789, 97 S. Ct. 2044, 2048, 52 L. Ed. 2d 752, 758 (1977)) (other citation omitted), certif. denied, 144 N.J. 585 (1996). "[P]re-indictment or pre-arrest delay [is] measured by a far more rigorous standard." Id. at 132. "In order to prevail, a defendant must demonstrate 'both that (1) there was no legitimate reason for the delay and (2) [defendant] was prejudiced thereby.'" Ibid. (alteration in original) (citations omitted).

The distinction arises from the different interests which are protected. Id. at 133. With respect to speedy trial claims,

> arrest or indictment is a public act that may severely interfere with the defendant's liberty, whether or not he is free on bail, and that may disrupt his employment, drain his financial resources, curtail his associations, create anxiety and subject him to public obloquy. In contrast, the Due Process Clause in the context of pre-indictment or pre-arrest delay is confined to protecting the ability of the defendant to mount a defense against the prosecution's charges.
>
> [Ibid. (citation omitted).]

The trial court erroneously conflated the speedy trial and due process analyses. In analyzing Barker factor two, the "reason for delay," the trial court focused on whether the State had attempted to gain an advantage over the defendant by its delay, a concern expressed under the due process line of cases. In analyzing Barker factor four, whether defendant was prejudiced, the court concluded defendant had not demonstrated any "actual" prejudice, which is part of the due process analysis.

Under Barker, there is no "bright-line rule" to determine whether the delay in a case is excessive. Cahill, supra, 213 N.J. at 258, 277. A delay exceeding one year prompts our review of the other Barker factors. Id. at 266.

The delay here was twenty-two months measured from the date of the charges (September 2013) to the date of the guilty plea (July 2015). Id. at 272 (calculating "length of the delay" from the filing of charges "to the notice of trial in the municipal court of the remanded charge[s]"). Fourteen months of the delay occurred when the case was at the prosecutor's office for investigation and before it was recorded by the municipal court in November 2014. The court found, without support in the record, there was no evidence of inattention by the prosecutor's office. In fact, there was no evidence of attention or inattention. Defendant acknowledged the remaining six-month delay, from January to June 2015, was attributable to defense initiated discovery issues. Defendant did not assert his right to a speedy trial until June 4, 2015. Then, although the trial court found prejudice to defendant based on anxiety suffered waiting for the case to be heard while the charges were pending, it then asserted defendant had not shown "actual" prejudice.

We are constrained to reverse because the trial court raised the bar too high for defendant. Because defendant had not shown actual prejudice beyond anxiety, or proof that the State was trying to gain advantage over him by delaying the case, which are factors under the Due Process Clause, it discounted the excessive twenty-two month delay and the prejudice to defendant by the length of

the delay. In <u>Cahill</u>, the court found a sixteen-month delay too long when the case was not complicated, there was no justification for the delay, and defendant's only proof of prejudice was anxiety. <u>Id.</u> at 273-75. Under these facts where the record bespeaks of no complexity, the case is similar to <u>Cahill</u>, requiring dismissal of the charges.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION